DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

ERIN A. CORNELL (CABN 227135)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7124
    Facsimile: (415) 436-7234
    erin.cornell@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 19-00412 RS |
| Plaintiff, | [~~PROPOSED~~] PROTECTIVE ORDER |
| v. | |
| VICTOR PALOMARES, | |
| Defendant. | |

    With the agreement of the parties, the Court enters the following Protective Order:

    The defendant is charged with controlled-substances offenses. Upon receipt of discovery requests, the United States will produce to defense counsel documents and other materials pertaining to the defendant and the charged offenses.

    The discovery to be provided includes documents or other materials falling into the following categories (collectively, "Protected Information"):

    1.    Sealed court orders authorizing the interception of wire and electronic communications over telephones, and associated documents, as set forth in Attachment A, that contain Personal Identifying Information ("PII") of the defendants and third parties (including without limitation any

person's date of birth, social security number, residence or business address, telephone numbers, email addresses, driver's license number, professional license number, family members' names, or criminal histories), as well as information regarding potential targets of investigation;

2.      Other court filings, including warrants for premises, vehicle trackers, and cell phone location data, and associated documents, as set forth in Attachment B, that contain PII of defendants and third parties; and

3.      Audio and video recordings involving confidential sources and undercover officers.

To ensure that Protected Information is not subject to unauthorized disclosure or misuse,

**IT IS HEREBY ORDERED** that, notwithstanding any sealing order, the government may produce the documents in Attachments A and B relating to this investigation as necessary to comply with its discovery obligations.

**IT IS FURTHER ORDERED** that the documents listed in Attachment A, as well as audio and video recordings involving confidential sources and undercover officers, shall be produced to defense counsel of record, their investigators, assistants, and employees, and any experts retained to assist with preparation of the defense in the captioned case, so long as they have reviewed and agreed to be bound by this Order (collectively, "the defense team").  The defense team may review the documents and recordings with the defendant, but shall not provide the defendant with copies of, or permit the defendant to make copies of, or have unsupervised access to these documents and recordings.

**IT IS FURTHER ORDERED** that the documents listed in Attachment B shall be produced to the defendant in addition to the defense team.  However, these documents shall not be disseminated or disclosed to anyone other than the defendant and the defense team, except upon the express authorization of this Court.

All materials containing Protected Information shall be stamped on their face "PROTECTED INFORMATION – SUBJECT TO PROTECTIVE ORDER."

The government and defense counsel are ordered to work together to ensure that these materials are protected, but that each defendant has as much access to the materials as can be provided consistent with this Court's order.

The defendant and all members of the defense team who receive discovery under this Order shall be provided a copy of this Order along with those materials and shall initial and date the order reflecting their agreement to be bound by it.

The materials provided pursuant to this protective order may only be used for the specific purpose of preparing or presenting a defense in this matter, unless specifically authorized by the Court.

This Order shall also apply to any copies made of any materials covered by this Order.

**IT IS FURTHER ORDERED** that neither defendant nor any member of the defense team shall provide any discovery material containing Protected Information to any third party (*i.e.*, any person who is not a member of the defense team) or make any public disclosure of the same, other than in a court filing, without the government's express written permission or further order of this Court.

If a party files a pleading that contains or attaches Protected Information subject to this Order, the Protected Information must be redacted from the public filing and filed under seal.  The defense team shall comply with Criminal Local Rule 56-1 to ensure that Protected Information is not improperly disclosed.

**IT IS FURTHER ORDERED** that defense counsel shall return materials subject to this Protective Order (including any copies) to the United States, or destroy such materials and certify to the United States that they have been destroyed, within 14 days after whichever event occurs last in time: dismissal of all charges against the defendant; defendant's acquittal; defendant's sentencing; or the conclusion of any direct appeal.  Should the defense team seek to retain copies of any materials subject to this protective order, the defense team may, within the time limits set out in the preceding sentence, request that the government provide copies of such materials with all Protected Information appropriately redacted.  Government counsel shall provide such redacted copies within a reasonable time after the defense team's request.

The United States shall maintain materials subject to this Protective Order until the period for filing a motion under 28 U.S.C. § 2255 has expired.  After the statutory period for filing a motion under 28 U.S.C. § 2255 has expired, the United States is free to destroy documents and materials subject to this Order.  If a defendant is represented by counsel and files a motion pursuant to 28 U.S.C. § 2255, the United States will provide counsel with the documents and materials subject to this Protective Order

1   under the terms of this Order.  Defendant's attorney in any motion under 28 U.S.C. § 2255 shall return

2   the documents and materials subject to this Protective Order within 14 days after the district court's

3   ruling on the motion or 14 days after the conclusion of any direct appeal of the district court's order

4   denying the motion, whichever is later.

5         This stipulation is without prejudice to either party applying to the Court to adjudicate any

6   dispute under this protective order or to modify the terms of the protective order.  This Court shall retain

7   jurisdiction to modify this Order or to adjudicate any dispute thereunder upon motion of either

8   party even after the conclusion of district court proceedings in this case.

9         **IT IS SO STIPULATED.**

10   DATED:  October 21, 2019

11                                  DAVID L. ANDERSON
                                  United States Attorney

12

13                                   /s/ *Erin Cornell*_____
                                  ERIN A. CORNELL
                                  Assistant United States Attorney

14   DATED:  October 21, 2019

15                                   /s/ *Alanna Coopersmith*_____

16                                   ALANNA COOPERSMITH
                                  Attorney for Defendant

17                                   VICTOR PALOMARES

18

19         **IT IS SO ORDERED.**

20   DATED:  10/21/19

21

22                                   HONORABLE RICHARD SEEBORG
                                  United States District Judge

23

24

25

26

27

28

1

**ATTACHMENT A**

2

WIRETAP APPLICATIONS/AFFIDAVITS/ORDERS

3

| Docket Number | Warrant/Order Date | Description |
|---|---|---|
| 19-90282 | 03/28/2019 | Target Telephone 1 |
| 19-90668 | 07/30/2019 | Target Telephones 2 and 3 |

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**ATTACHMENT B**

2

PEN REGISTER APPLICATIONS/ORDERS

3

| Docket Number | Warrant/Order Date | Description |
|---|---|---|
| 19-90067 | 01/24/2019 | (818) 310-2294 |
| 19-90154 | 02/14/2019 | (408) 762-9182 |
| 19-90264 | 03/22/2019 | (408) 380-9798 |
| 19-90367 | 04/19/2019 | (408) 449-3699 |
| 19-90429 | 05/17/2019 | (562) 358-9036 & (213) 322-6933 |
| 19-90448 | 05/22/2019 | (909) 761-3693 |
| 19-90471 | 05/29/2019 | (951) 758-1154 |
| 19-90477 | 05/30/2019 | (209) 818-2352 |

LOCATION DATA FOR CELLULAR TELEPHONES WARRANT APPICATIONS/ORDERS

| Docket Number | Warrant/Order Date | Description |
|---|---|---|
| SF Superior Court | 09/06/2018 | (408) 507-7290 |
| 19-70525 | 04/10/2019 | (408) 380-9798 |
| 19-70606 | 04/22/2019 | (408) 449-3699 |
| 19-70839 | 05/20/2019 | (209) 818-2352 |
| | 08/  /2019 | (323) 316-4390 |
| 19-71375 | 08/28/2019 | (209) 818-3400 |

VEHICLE TRACKING WARRANT APPLICATIONS/ORDERS

| Docket Number | Warrant/Order Date | Description |
|---|---|---|
| SF Superior Court | 09/13/2018 | 7XOK512 |
| SF Superior Court | 10/12/2018 | 7XOK512 |
| 18-71594 | 11/08/2018 | 7XOK512 |
| 18-71699 | 11/28/2018 | 7TAU324 |
| 18-71774 | 12/18/2018 | 7XOK512 |
| 19-70051 | 1/10/2019 | 7TAU324 |
| 19-70138 | 1/30/2019 | 7XOK512 |
| 19-70249 | 2/20/2019 | 7TAU324 |
| 19-70381 | 3/13/2019 | 7XOK512 |
| 19-70507 | 4/5/2019 | 7TAU324 |
| 19-70526 | 4/10/2019 | 01528N1 |
| 19 SW 00129 (EDCA) | 4/25/2019 | 01528N1 |
| 19-70628 | 4/25/2019 | 7XOK512 |
| 19 SW 00155 (EDCA) | 5/14/2019 | 01528N1 |
| 19 SW 00202 | 6/25/2019 | 01528N1 |

PREMISES SEARCH WARRANT APPLICATIONS/ORDERS

| Docket Number | Warrant/Order Date | Description |
|---|---|---|
| | 08/27/2019 | 224 Chow Chow Lane, Modesto, CA; 2339 West Hatch Road, Modesto, CA |